**Hearing Date April 13, 2021 at 2:00 pm**
**Re: ECF Nos. 31, 32**

**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Suite 500
New York, New York 10011
Tel: (646) 966-4770
Fax: (917) 677-5419
Email:  gravert@ravertpllc.com

*Attorneys for Montrose Equity Partners LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 (SubChapter V) |
| Florence F. Smith, *a/k/a* Florence F. Litchmore Smith, | Case No. 21-40578 (NHL) |
| *d/b/a* Notary Public, | |
| *d/b/a* Florence Barton Apartments & Properties, | |
| *d/b/a* Integrity Enterprises, | |
| *d/b/a* FFLS Integrity Enterprises LLC, | |
| *d/b/a* Integrity Enterprises Number One LLC, | |
| *d/b/a* Florence Francella Smith, | |
| *d/b/a* Integrity Enterprises Barton LLC, | |
| *Debtor*. | |

**PRELIMINARY OBJECTION OF MONTROSE EQUITY PARTNERS LLC**
**TO DEBTOR'S MOTION TO USE CASH COLLATERAL AND OTHER RELIEF**

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

Montrose Equity Partners LLC ("Montrose"), by and through its counsel, hereby preliminarily objects to the motion (the "Motion") of the above-captioned debtor (the "Debtor") for authority to use cash collateral and for other relief.

In support of this Objection, Montrose respectfully states as follows:

## OBJECTION

1.  Montrose is not sure it understands the multifaceted relief the Debtor seeks in the Motion and therefore makes this a preliminary objection.[1] This Debtor has insisted on proceeding *pro se* and as a result has driven up legal fees quite substantially because of the volume of pleadings she generates and their lack of a basis in fact or law. The instant Motion, to a very large extent, is no different. To the extent Montrose comprehends what the Debtor's essentially one-half-page Motion, seeking three forms of relief, seeks, Montrose states that

(i) As to the use of Montrose's cash collateral: Montrose is a secured creditor pursuant to a final judgment of foreclosure and sale ("<u>JFS</u>")[2] with an assignment of rents.[3] Montrose absolutely does not consent the Debtor's unfettered use of $1 to $20,000 per month of rents. Such amount is neither reasonable nor even defended by the Debtor. If the business income is unrelated to rents, then those funds fall outside of Montrose's cash collateral and Montrose's consent is not needed. In the past now-dismissed case, the Debtor had no other business income. In this case, the use of "rents" should not be disguised as use of other "business income." Historically, the Debtor's operating reports have been very difficult to decipher and lacking in detail but Montrose does not recall "other business income" in the prior case. As to the use of rents, Montrose consents to the use of its cash collateral ***solely*** to pay real estate taxes, water and sewer charges, insurance, and for required maintenance not to exceed $500 per month, except by the express consent of Montrose. In the last case, Montrose acquiesced to what it expected to be the modest use of cash collateral. The Debtor abused that courtesy by using Montrose's cash collateral *against* Montrose including (a) to file, serve and prosecute a baseless lawsuit against Montrose in federal court, (b) to file a baseless motion to withdraw the reference accusing this Court—which bent over backwards for Ms. Smith—of violating Ms. Smith's due process rights, (c) to file and serve numerous baseless and duplicative pleadings, (d) to file and then not prosecute an appeal, and finally (e) to use cash collateral for other reasons well outside the consent Montrose granted. Pursuant to sections 363(b)(1) and 363(c)(2), and 363(e), it is the Debtor's burden to demonstrate that Montrose's security interest is adequately protected by the proposed use of cash collateral and Montrose submits the Debtor should be required to make that showing. Montrose submits the Debtor cannot meet this evidentiary burden. This Debtor, like all debtor's, is required to comply with the substantive rules and laws of this Court and the use of cash collateral should not be any different. This Debtor is not excused from complying with substantive law and rules because she refuses to work with any one of the thousands of attorneys in New York City and prefers to proceed alone. The Debtor had more than two years of unfettered use of cash collateral in the prior case and the

---

[1] Montrose's counsel only became aware of this afternoon's deadline at about 11:00 am today.
[2] A true and correct copy of the JFS and the assignment of rents and leases is attached hereto as Exhibit A.
[3] A true and correct copy of the consolidate mortgage with assignment of leases and rents at "Granting Clause (f)" is attached hereto as Exhibit B, *see* p.1, pdf 7 of 15.

only result was more than $100,000 in Montrose and Chapter 11 Trustee legal fees in a case that ended up in dismissal. This should not be repeated here.

      (ii)     As to the PPP loan: If the Debtor can obtain a forgivable PPP loan, Montrose certainly has no objection. If the loan is not ultimately forgiven, Montrose does not believe such loan would impair its rights. That said, this relief in the Motion is so deficient in details, the Court should not grant this relief without significant amplification by the Debtor.

      (iii)    As to "loan forgiveness," Montrose does not understand this request for relief whatsoever. There is no provision of the Bankruptcy Code or the Bankruptcy Rules that gives the Court the authority to unilaterally forgive a debt obligation of the Debtor. Indeed, this Court has as much authority to unilaterally cut Montrose's claim (assuming that is what the Debtor is actually seeking) as it does to double Montrose's claim against the Debtor. Accordingly, whatever is the basis of the relief the Debtor seeks, and whatever loan the Debtor is referring to, it must be clarified before Montrose can formulate a proper, responsive and thoughtful response. To the extent the Court considers this vague relief, Montrose objects.

      **WHEREFORE**, for all of the reasons stated herein, Montrose respectfully requests that this Court consider the Motion only subject to this Objection.

|  |  |
|---|---|
| Dated: April 5, 2021<br>New York, New York | RAVERT PLLC<br><br>By: /s/ Gary O. Ravert<br>    Gary O. Ravert<br>    116 West 23 Street, Suite 500<br>    New York, New York 10011<br>    Tel: (646) 961-4770<br>    Direct Fax: (917) 677-5419<br>    Email: gravert@ravertpllc.com<br><br>    *Attorneys for Montrose Equity Partners LLC* |