**RAVERT PLLC**
Gary O. Ravert
116 West 23rd Street, Suite 500
New York, New York 10011
Tel: (646) 961-4770
Fax: (917) 677-5419

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:  <br>  <br>Florence F. Smith,  <br>*aka* Florence F Litchmore-Smith  <br>*aka* Florence Francella Smith  <br>*dba* Florence Francella Smith  <br>*dba* Integrity Enterprises  <br>*dba* Florence Barton Apartments & Properties,  <br>  <br>*Debtor.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Chapter 11 (SubChapter V)  <br>  <br>Case No. 21-40578 (NHL) |

*AMENDED[1] VERIFIED* **MOTION OR RAVERT PLLC TO WITHDRAW AS COUNSEL PURSUANT TO THE NEW YORK RULES OF PROFESSIONAL CONDUCT AND THE LOCAL RULES OF BANKRUPTCY PROCEDURE 2090-1(d)**

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

       Ravert PLLC hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 and hereby moves this court (the "Motion"), pursuant to the New York Rules of Professional Conduct (the "Ethical Rules") rule 2090-1(d) of the Local Rules of Bankruptcy Procedures (the "Local Rules"), for an order authorizing Ravert to withdraw as counsel for

---

[1] This motion was amended solely to correct the caption from the original motion, which had included in the caption d/b/a's and/or a/k/a's from the prior case, 19-40962 (NHL), that the Debtor did not list as d/b/a's or a/k/a's in this current case.

Montrose Equity Partners ("Montrose") in this chapter 11 SubChapter V case of the above-captioned debtor (the "Debtor").

In support of the Motion, Montrose respectfully states as follows:

**PRELIMINARY STATEMENT**

1.  Until now, Ravert PLLC has never put in an appearance for a client and then moved to withdraw. However, it must do so here. As set forth below, this is a new case, having just been filed on March 4, 2021, and further a case filed under SubChapter V. If it were not for the fact that Ms. Smith filed this case before her prior case was even dismissed, Ravert PLLC would not have even appeared for Montrose. Because there was an overlap of her cases, I found myself compelled to put in an appearance just to keep up with Ms. Smith's multiple filings.[2] The Court can observe from the docket sheet that I did not appear in this new matter until more than a month into the case after I heard that Ms. Smith filed a cash collateral motion and your Honor had already entered an order shortening time for it to be heard. To protect Montrose with respect to a motion that was to be heard within just a few days, I appeared, drafted, filed and served an objecton to the cash collateral motion. It was not my intention to continue as counsel in this new matter but the need to review and respond to Ms. Smith's pleadings and attend a hearing and the 341 meeting left me no time to address the matter with the client.

2.  To be clear, my personal need not to take this new representation dates back to August of 2019. I emailed all of my clients on August 16, 2019 that for serious personal reasons I was winding down my bankruptcy practice and would not be taking any new matters. This client agreed that it would not ask me to represent it on any new matters. On April 15, 2021, I advised the client that I could not continue as counsel to Montrose and, after a short conversation

---

[2] As of the date hereof, Ms. Smith has already filed 15 new documents since her petition was filed. These documents include four motions.

on the phone, the client agreed. He advised that he would find replacement counsel and I also forwarded him the name and contact numbers of two creditor counsels that are well known to this Court. Accordingly, Ravert PLLC respectfully requests that this Court grant this motion without unnecessary delay.

**RELIEF REQUESTED**

3. Rule 1.16(b), (c), (d) and (e) of the Ethical Rules states as follows (in relevant part):

Rule 1.16 Declining or Terminating Representation:

\* \* \*

(b) Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when:

(1) the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;

(3) the lawyer is discharged; or

(4) the lawyer knows or reasonably should know that the client is bringing the legal action, conducting the defense, or asserting a position in the matter, or is otherwise having steps taken, merely for the purpose of harassing or maliciously injuring any person.

(c) Except as stated in paragraph (d), a lawyer may withdraw from representing a client when:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) the client insists upon taking action with which the lawyer has a fundamental disagreement;

(5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees;

(6) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;

(7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively;

(8) the lawyer's inability to work with co-counsel indicates that the best interest of the client likely will be served by withdrawal;

(9) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;

(10) the client knowingly and freely assents to termination of the employment;

(11) withdrawal is permitted under Rule 1.13(c) or other law;

(12) the lawyer believes in good faith, in a matter pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal; or

(13) the client insists that the lawyer pursue a course of conduct which is illegal or prohibited under these Rules.

(d) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a matter before that tribunal without its permission. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(e) Even when withdrawal is otherwise permitted or required, upon termination of representation, a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including giving reasonable notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, promptly refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules.

4. The Comments to the Ethical Rules provide (in relevant part):

[3] The lawyers statement that professional considerations require termination of the representation should be accepted as sufficient. Lawyers should be mindful of their obligations to both clients and the court under Rule 1.6 and Rule 3.3.

5. Local Rule 2090-1 states:

Rule 2090-1 PRACTICE BEFORE THE COURT; WITHDRAWAL AS ATTORNEY OF RECORD; SUSPENSION

(d) Withdrawal or Substitution of Attorneys of Record.

An attorney who has (i) filed a bankruptcy case on behalf of a debtor, (ii) been authorized to be retained or (iii) has appeared as the attorney of record for any party in any case or adversary proceeding, may not withdraw or be relieved or displaced except by order after notice to the party represented, any adversaries (if applicable), the United States trustee and the trustee. An application for such an order shall include a showing by affidavit of satisfactory reasons for withdrawal or displacement and the posture of the case, including the status of any pending matters.

6. Mindful of my duties under Ethical Rules 1.6 and 3.3, I hereby request, for various reasons pursuant to Rule 1.16(b) and 1.16(c) of the Ethical Rules, an order permitting me to withdraw as counsel to Montrose. Although Montrose has consented to the withdrawal, I request that I be permitted to withdraw as of a date certain even if Montrose has not obtained the replacement counsel of its choice so as not to unfairly prolong my involvement in this case. My unnecessarily prolonged involvement in this case will only harm Montrose, the Debtor and the efforts of the SubChapter V Trustee to make progress toward a consensual plan.

7. Without going into more detail than is appropriate in a written record, for various reasons pursuant to sections 1.16(b) and (c), I can no longer effectively represent Montrose in this new matter. Most importantly from the Court's and the client's standpoint is section 1.16(c)(1), is that my withdrawal can be accomplished without material adverse effect on Montrose. This case just began, required objections have already been filed with the Court, and the bar date is not until May 13th. Negotiations concerning a plan have not even begun considering that Montrose has not even asserted its claim yet.

8. From my personal standpoint, I have been winding down my bankruptcy matters for nearly the last two years. This particular matter is a highly charged personal matter to Ms. Smith and it is, and has been, equally stressful for me. This matter follows on the heals of another matter before this Court that was inordinately stressful for the parties and me personally and I must think about my own physical and mental health first in considering whether to take on

or continue in the representation of any client, and whether I can effectively represent a client in a potential matter. To be absolutely clear, among other reasons, I seek to withdraw because I can no longer give Montrose the dispassionate and effective legal guidance it is entitled to in this matter. Fortunately, there is an overabundance of highly qualified lawyers practicing before this Court, any one of whom could take my place, and the full contact information of two of them were already provided to the client.

9. I have already advised the client that I would cooperate in the smooth transition of this matter to new counsel. I have also advised the client that if I am provided with an updated payoff statement as soon as possible I would get the proof of claim on file before I leave the case. As of the date hereof, I have not received the updated payoff statement.

10. As for outstanding legal fees, the client is behind in the payment of the final invoice sent in connection with the now-dismissed Smith matter. That invoice is for a discounted total of $2,000.[3] If this Court grants this motion and I am permitted to withdraw, I will waive the legal fees incurred in this new case, which fees total approximately an additional $2,000. This will inure to the benefit of Ms. Smith and Montrose.

11. Accordingly, for the reasons set forth above, I request the Court enter an order permitting Ravert PLLC to withdraw as counsel.

**NOTICE**

12. Notice of this motion has been provided to (a) the Debtor, (b) the SubChapter V Trustee, (c) the Office of the United States Trustee, (d) those non-moving parties, if any, who have filed a notice of appearance in this case. Ravert PLLC asserts that such notice is reasonable and no further notice is required.

---

[3] That final invoice was sent on March 17, 2021, was due on receipt but as of today has not been paid.

## **NO PRIOR REQUEST**

13. No prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, for all of the reasons stated herein, Ravert PLLC requests an order (i) permitting it to withdraw as counsel to Montrose; and (ii) granting Ravert PLLC such other and further relief as the Court deems just and proper under the circumstances.

Dated: April 20, 2021
      New York, New York

RAVERT PLLC

By: /s/ Gary O. Ravert
Gary O. Ravert
116 West 23 Street, Fifth Floor
New York, New York 10011
Tel: (646) 961-4770
Direct Fax: (917) 677-5419
Email: gravert@ravertpllc.com

**VERIFICATION OF GARY O. RAVERT ON BEHALF OF RAVERT PLLC:**

UPON THE ABOVE ***VERIFIED*** **MOTION OR RAVERT PLLC TO WITHDRAW AS COUNSEL PURSUANT TO THE NEW YORK RULES OF PROFESSIONAL CONDUCT AND THE LOCAL RULES OF BANKRUPTCY PROCEDURE 2090-1(d)**, I have read the above response, have personal knowledge of its contents and hereby declare under penalty of perjury that the contents and statements in the above verified reply are true and correct to the best of my knowledge.

Dated: April 20, 2021

Gary O. Ravert

By: Gary O. Ravert
      Gary O. Ravert